UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 12-CV-3283 |
| ) | |
| DR. BAKER, ) | |
| NURSE PRACTITIONER RHONDA ) | |
| S. MILLS, ) | |
| CLOTHING SUPERVISOR, ) | |
| WEXFORD, ) | |
| WARDEN YOUNG, ) | |
| Defendants. ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff proceeds pro se and is incarcerated in Western Illinois Correctional Center.  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such

1

process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted)). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative

level.'" Id. (*quoting* Bell Atlantic, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56). However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff alleges that he was issued used and damaged boots which have caused him to experience pain in his feet. The Complaint's attachments suggest that Plaintiff believes that the boots have also caused him "spinal compression" and back pain. His efforts to get a different pair of boots have been unsuccessful. However, the attachments to the Complaint suggest that when Plaintiff filed emergency grievances, he was told to submit his grievances in the normal manner. Plaintiff does

not say whether he tried to file grievances about the boots using the normal procedure.

According to the attachments to Plaintiff's Complaint, Defendant Nurse Mills saw Plaintiff on May 25, 2012 for Plaintiff's complaints of foot pain. Nurse Mills allegedly prescribed Doxepin, which Plaintiff later learned is a medicine used to treat psychiatric disorders. Plaintiff filed a grievance asserting that he had been prescribed the wrong medicine. In response, Plaintiff was taken off the Doxepin and prescribed other pain medicine. The response to Plaintiff's grievance states that the Doxepin had been prescribed in a low dose and was an accepted approach to treating chronic pain. Plaintiff's attachments also suggest that he is seeking medical diagnosis and treatment for his back pain.

## ANALYSIS

The Eighth Amendment entitles prisoners to humane treatment, which includes adequate clothing and shoes. Conditions of a prisoner's confinement violate the Eighth Amendment if the condition is serious enough to deprive the prisoner of the "minimal civilized measure of life's

necessities," and the defendant is deliberately indifferent to that condition. Rhodes v. Chapman, 452 U.S. 337, 346 (1981). Deliberate indifference to a serious medical need also violates a prisoner's Eighth Amendment rights. Gomez v. Randle, 680 F.3d 859, 865 (7th Cir. 2012).

Shoes which are so ill-fitting that severe pain ensues amounts to a serious deprivation in the Court's opinion. Plaintiff asserts in his emergency grievance attached to his Complaint that the request slips sent to the inmate clothing unit were ignored, which might allow an inference of deliberate indifference. However, Plaintiff does not name as defendants any of the persons who bear personal responsibility for this deprivation. The Warden is not liable simply because he is in charge, nor is the Warden liable for refusing to treat Plaintiff's grievance as an emergency. Kuhn v. Goodlaw, 678 F.3d. 552, 555 (7th Cir. 2012)("§ 1983 liability is premised on the wrongdoer's personal responsibility"); Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983). Whether Plaintiff

exhausted his administrative remedies on the boot claim may also be an issue because Plaintiff does not say that he resubmitted his grievance through the normal procedures.

Plaintiff's boot claim will be allowed to proceed for further development, but Plaintiff is advised that he must identify the persons responsible for ignoring his requests to exchange his boots.  The Court cannot serve "Doe" defendants.  Failure to timely identify the proper defendants on this claim will result in the dismissal of this claim without prejudice.

Separately, the attachments to the Complaint suggest that Plaintiff is also pursuing a claim against Dr. Baker for deliberate indifference to Plaintiff's need for medical diagnosis and treatment of Plaintiff's back and foot pain.  This claim will also proceed for further development.

However, Plaintiff states no federal claim arising from the prescription of Doxepin for his foot pain.  Plaintiff asserts that Doxepin is only for psychiatric disorders, but the response to his grievance states that low levels of this medicine are routinely prescribed for chronic pain

issues. More importantly, no plausible inference arises from Plaintiff's allegations that he suffered any harm from the temporary prescription, or that the prescription put him at a substantial risk of serious harm. No plausible inference of deliberate indifference arises either, as the prescription was discontinued and substituted with a different painkiller after Plaintiff complained. Negligence does not violate the Constitution. Walker v. Benjamin, 293 F.3d 1030, 1037 (7th Cir. 2002).

Defendant Nurse Mills is implicated only in Plaintiff's Doxepin claim. Accordingly, Nurse Mills will be dismissed. Warden Young will also be dismissed because, as discussed above, he is not liable for the constitutional violations of his subordinates. Lastly, Defendant Wexford will be dismissed. Wexford cannot be liable for Dr. Baker's constitutional violations solely because Wexford employs Dr. Baker. Wexford is liable only if its own policy caused Plaintiff's deprivations, and no such inference arises from Plaintiff's allegations. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691-92 (1978).

IT IS THEREFORE ORDERED:

1)  Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim against Dr. Baker for deliberate indifference to Plaintiff's serious medical needs and an Eighth Amendment claim against "John Doe" for refusing to provide Plaintiff with proper boots.  This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) By December 31, 2012, Plaintiff must identify the "John Doe" Defendant on the boot claim.  Failure to do so without good cause will result in dismissal of the boot claim and dismissal of John Doe, without prejudice.

3) Nurse Mills, Wexford, and Warden Young are dismissed for failure to state a claim against them.

4) The Clerk is directed to send to Dr. Baker pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for

Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this order.

5) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to serve that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for serving said Defendant. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should

include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

8)  Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and Plaintiff shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be struck by the Court.

9) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

10) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on January 28, 2013 at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues need discussion. Accordingly, no writ will issue for Plaintiff's presence unless directed by the Court.

11) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

12) Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED: November 29, 2012

FOR THE COURT:

                                         s/Sue E. Myerscough
                                         SUE E. MYERSCOUGH
                                         UNITED STATES DISTRICT JUDGE